**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TROY ALEXANDER TEMPLE, | No. 08-16831 |
| Plaintiff - Appellant, | D.C. No. 1:04-cv-06716-LJO-DLB |
| v. | |
| MONTGOMERY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 4, 2010
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and DUFFY, District Judge.[**]

Troy Alexander Temple, a California state prisoner, appeals from the district

court's judgment dismissing his 42 U.S.C. § 1983 action. Temple also appeals an

order by the district court granting summary judgment in favor of defendants. We

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

1

review de novo the district court's disposition of the motion to dismiss and grant of summary judgment. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010); Buono v. Norton, 371 F.3d 543, 545 (9th Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

In 1991, Temple provided law enforcement officers with information regarding the identity of a murderer in a pending investigation. After the suspect was arrested and arraigned, prosecutors informed the murderer that Temple was the informant who had given up his name, and reduced this information to a writing that was eventually delivered to the murderer as part of his plea deal.

Temple claims that he learned that he had been verbally identified as an informant in 1992. He discovered that the writing designating him as the informant and made by the prosecutors existed in 1996, when he was so told by another inmate. Temple brought this action in 2004 after a copy of the writing was turned over to him during his 2003 trial for attempted escape.

The district court properly concluded that Temple's action against Yuba City, Sutter County, Sutter County prosecutors, and certain employees of the California State Prison system, deemed filed on December 16, 2004, was time-barred. See Cal. Code Civ. P. § 335.1 (2006) (providing a two-year statute of

---

[1] Because the parties are familiar with the facts, we recite them only as necessary.

2

limitations for personal injury claims); Id. § 352.1 (tolling the statute of limitations for up to two years while plaintiff is incarcerated); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling . . . ."). Temple knew or had reason to know of the injuries that were the basis of his claim in 1996. See Maldonado v. Harris, 370 F.3d 945, 954–55 (9th Cir. 2004) (holding that a § 1983 claim accrues when plaintiff knows or has reason to know of injury).

The district court properly dismissed Temple's Eighth Amendment claim against defendant Rangel because he failed to allege facts suggesting he suffered a "sufficiently serious" deprivation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Temple alleges that, in August 2002, Rangel, a Correctional Counselor, denied his request to be removed from the transfer list to Salinas Valley State Prison, where another prisoner who wanted to kill Temple was housed. However, Temple never alleges that he was actually transferred to Salinas Valley or had any contact with the allegedly dangerous inmate.

The district court properly granted summary judgment in favor of defendant officers of the Corcoran Prison Investigative Services Unit because Temple offered

only conclusory allegations in support of the contention that they knew of a substantial risk of harm to Temple and disregarded that risk.

Temple alleges that, following his attempted escape in February 2002, the defendants interviewed Temple's cell mate, who stated that he had been hired to kill him, and that the officers failed to warn Temple of this threat. The defendants, however, submitted evidence showing that they investigated the alleged death threats against Temple and found them to be uncorroborated and unsubstantiated. They did not inform Temple of the alleged threats because they were deemed not credible, and Temple was already in administrative segregation, single cell, walk alone status.  In response, Temple has merely provided speculative and conclusory assertions regarding the risk to his safety and defendants' knowledge and intent. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

**AFFIRMED.**